# UNITED STATES of America, Plaintiff-Appellee,

v.

# Irej Alex MALEKZADEH, Defendant-Appellant.

No. 86–3232
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 29, 1986.

Stephen N. Bernstein, Gainesville, Fla., for defendant-appellant.

W. Thomas Dillard, George Blow, III, Lennard Register, Asst. U.S. Attys., Tallahassee, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

BY THE COURT:

Defendant appeals from an order entered by the district court denying a motion for revocation of a detention order issued by a United States Magistrate.

Defendant is charged with numerous violations of 21 U.S.C. § 841, and other narcotics violations, all offenses for which a maximum term of imprisonment of ten years or more is described in the Controlled Substances Act. Thus he fell within 18 U.S.C. § 3142(e):

Subject to rebuttal by the person [accused], it shall be presumed that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, section 1 of the Act of September 15, 1980, or an offense under section 924(c) of title 18 of the United States Code.

Defendant first appeared on Thursday, March 13, 1986. He was accompanied by retained counsel. The government moved for continuance, and a hearing was scheduled for March 17, the Monday following. No objection was made by defendant or his retained counsel.

At the March 17 hearing defendant contended that the hearing could not be held because under 18 U.S.C. § 3142(f) a continuance upon motion by the government may not exceed three days. Section 3142(f) provides in relevant part:

> The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days.

The district court, relying on language in a Ninth Circuit case, *United States v. Al-Azzawy*, 768 F.2d 1141, 1145 (9th Cir.1985), held that it was not a "material" error to exceed the three day time limit and hold the hearing on the fourth day in order to avoid a Sunday hearing. The district court went on to find that the rebuttable presumption of § 3142(e) was triggered, and that defendant had not adduced sufficient evidence to rebut the presumption that no condition or combination of conditions would reasonably assure his appearance and the safety of the community. Thus,

the district court ordered that defendant remain detained pending trial.

Because we affirm the judgment of the district court on other grounds, we decline to address the "material" violation issue upon which the district court relied.

On the facts of this case, we hold that the defense implicitly requested a continuance to the Monday hearing, and that such four day continuance was within the statutorily provided continuance of five days on motion of a defendant. Therefore, we hold that there was no violation of the statute's time constraints.

At his first appearance on Thursday afternoon, March 13, 1986, the defendant was accompanied by retained counsel, and appeared before the judge in open court. Government counsel was also present and moved for pretrial detention and a continuance of the hearing. The judge set the hearing for 10 a.m. the following Monday morning, March 17, 1986. Neither the defendant nor his retained counsel objected. We hold that the acquiescence of defendant and his retained counsel is deemed to be a request that the hearing be continued until Monday morning in order to avoid a Sunday afternoon hearing. Section 3142(f) provides for a continuance on motion of the defendant not to exceed five days. The continuance in the instant case was only four days, and thus was well within the statutorily prescribed time limit.

*United States v. Hurtado*, 779 F.2d 1467 (11th Cir.1985), is not to the contrary. *Hurtado* holds that the statute makes no provision for a voluntary waiver by the defendant of the five day maximum time period. *Id.* at 1474 n. 7. However, the instant case does not involve any attempt by the defendant to extend the continuance beyond the five day maximum limit; as indicated above, the defendant here implicitly requested a continuance for four days as he was statutorily entitled to do. It might be argued that the strict construction of this statute mandated by *Hurtado* should persuade this court to require a formal motion for continuance on the part of this defendant. We disagree. While

*Hurtado* does mandate that the statute be strictly construed, it does not require that it be construed in contravention of common sense. In the context of this case, common sense clearly tells us that the defense counsel implicitly requested that the hearing be continued until Monday morning.

Because we conclude that there was no violation of the time constraints of the statute and because we conclude that the district court did not err in its decision on the merits of the release issue, the judgment of the district court is

AFFIRMED.