**UNITED STATES of America, Plaintiff,**

v.

**Byron Melachia WIMBERLY,
Defendant.**

**No. CR–N–86–49–ECR.**

United States District Court,
D. Nevada.

Dec. 15, 1986.

L. Anthony White, Asst. U.S. Atty., Reno, Nev., for the U.S.

Arnold Brock, Jr., Reno, Nev., for defendant Byron Melachia Wimberly.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

### FACTS

Following his arrest, defendant Byron Wimberly was given a timely initial appearance before District Judge McKibben on November 14, 1986. At the initial appearance, the government requested that the defendant be detained pursuant to 18 U.S.C. § 3142(e) (1985) of the Bail Reform Act of 1984 (the "Act"). The defendant was therefore entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f) (1985) to determine whether any conditions of release could reasonably assure the defendant's appearance at trial and the public's safety.

Section 3142(f) also provides:

The [detention] hearing shall be held immediately upon a person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days.

At the initial appearance, Judge McKibben determined that the defendant needed to have counsel appointed. The defendant therefore requested a five-day continuance to allow his appointed attorney to prepare for the hearing. Judge McKibben tentatively scheduled the detention hearing for Monday, November 17, 1986. Thereafter, the hearing date was moved to Thursday, November 20. When the hearing was rescheduled, the defendant, by way of a motion, demanded a timely detention hearing by the close of judicial business on Wednesday, November 19, 1986.

On the morning of November 20, 1986, Magistrate Sattler presided over the defendant's detention hearing. He found that there were grounds justifying the defendant's unconditional detention pending trial.

On November 24, 1986, Magistrate Sattler addressed the defendant's motion for a timely hearing. Treating the motion as a Motion for Immediate Release from Custody, the Magistrate found that the defendant's detention hearing was not untimely. The defendant has moved for *de novo* review of Magistrate Sattler's order.

### DISCUSSION

Three issues are raised by this case: (1) whether the defendant's detention hearing was untimely; (2) whether there was "good cause" for the delay of the detention hearing; and (3) whether there was a "material" violation of section 3142(f).

1. *Whether the defendant's detention hearing was untimely.*

■ This issue turns on whether weekends and holidays are included in computing section 3142(f)'s five-day continuance period. Since the defendant's initial appearance took place on a Friday, depending on how this issue is resolved, the detention hearing either was held four days after the initial appearance and was timely, or was held six days later and was untimely.

Apparently, only three courts, all outside the Ninth Circuit, have explicitly decided this issue. These three courts have debated whether Fed.R.Crim.P. 45(a) applies to section 3142(f). On the date of the Act's enactment, Rule 45(a) provided that weekends and holidays were excluded "[i]n computing any period of time ..." less than seven days (currently less than eleven days).

Rule 45 "is in substance the same as Rule 6 of the Federal Rules of Civil Procedure ..." Fed.R.Crim.P. 45 advisory committee's note. *See also* 3A Wright, *Federal Practice & Procedure* § 751 (2d ed. 1982). Therefore, cases involving Fed.R. Civ.P. 6(a) ("Rule 6(a)") are relevant in interpreting Rule 45(a). *United States v. Coniam*, 581 F.Supp. 348, 349 (D.Conn. 1984). Rule 6(a) applies to "any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute ..." Fed.R.Civ.P. 6(a). Therefore, absent a contrary policy expressed in the statute, Rule 6(a) generally applies to statutory

time periods. *Union National Bank v. Lamb,* 337 U.S. 38, 40–41, 69 S.Ct. 911, 912–13, 93 L.Ed. 1190 (1949) (Rule 6(a) applicable to 28 U.S.C. § 2101(c), the certiorari provision). Based on these authorities, Rule 45(a) should be applied in a similar manner.

It should be noted that section 3142(d), which provides for a ten-day temporary detention period for certain defendants, specifically excludes weekends and holidays. Since this exclusion is absent from section 3142(f), the Eleventh Circuit found that, although Rule 45(a) "ordinarily" applies to statutes, it should not apply to section 3142(f). *United States v. Hurtado,* 779 F.2d 1467, 1474 n. 8 (11th Cir.1985).

The *Hurtado* Court's reasoning, however, seems to contradict itself. It assumed that, even though Rule 45(a) "ordinarily" applied to statutory time periods, it did not apply to section 3142(f) because Congress did not specifically exclude weekends and holidays. But if Rule 45(a) "ordinarily" applies to statutes, then, absent a contrary policy expressed in the statute, it should apply to section 3142(f). *See Union National Bank,* 337 U.S. at 40–41, 69 S.Ct. at 912–13.

The express exclusion in section 3142(d) is not to the contrary. It simply shows that Congress, recognizing that Rule 45(a) did not apply to a ten-day time period, decided to modify the normal computation of time periods greater than six days. *United States v. Melendez-Carrion,* 790 F.2d 984, 991 (2nd Cir.1986). On the other hand, Rule 45(a) did apply to a five-day time period, and therefore a specific exclusion in subsection (f) would have been superfluous. Based on this reasoning, the Second Circuit found, and this Court agrees, that the time computation under section 3142(f) is governed by Rule 45(a). *Id.*

An additional reason to follow *Melendez-Carrion* is the burden on the courts which would otherwise ensue. To illustrate the potential problems, the Court will consider the following scenario: A defendant has his initial appearance on the Friday before Labor Day weekend. The government then requests a three-day continuance. In such a case, the court and counsel would be forced to prepare for and hold a detention hearing on Labor Day. While the convenience of counsel and the court is less important than the defendant's liberty interests, Rule 45(a) presumptively applies to 3142(f). Therefore, since there is no indication in the statute that Rule 45(a) should not apply, the Court finds that weekends and holidays are not included in the computation of the five-day continuance period.

Another case has approached the issue from a different direction. In *United States v. Heilig,* 633 F.Supp. 329, 331–32 (M.D.Pa.1986), District Judge Rambo analyzed the provisions of the District of Columbia Code (the "D.C.Code") upon which sections 3142(d) and (f) are based and found that weekends and holidays are included in computing the five-day continuance period. Like sections 3142(d) and (f), the relevant D.C.Code sections treat weekends and holidays differently. Section 23–1322(c)(3) of the D.C.Code provides that continuance of the detention hearing may not exceed "five calendar days" absent extenuating circumstances. Section 23–1322(e), however, permits temporary detention for "five days (excluding Saturdays, Sundays and legal holidays)." Thus, according to the court, sections 3142(d) and (f) merely carry forward the distinction made in the D.C.Code.

This is a well-reasoned argument. If Congress intended to precisely follow the D.C.Code, however, it could have used the term "calendar days" in section 3142(f). In fact, this qualifier would seem necessary in view of the fact that Rule 45(a) creates a presumption that time periods of less than seven days exclude weekends and holidays. Thus, as discussed above, the absence of an express exception to Rule 45(a) in section 3142(f) implies that Congress intended to exclude weekends and holidays.

Although it is a difficult issue, the Court concludes that weekends and holidays are not included under section 3142(f). Therefore, that section's time requirements were not violated. Because of the closeness of this question, however, the Court will address the remaining issues in the case.

2. *Whether there was "good cause" for the delay.*

■ Magistrate Sattler found that because there were no judicial officers available to preside over a detention hearing on November 19, 1986, there was "good cause" for the delay. Convenience of the court and its scheduling problems, however, generally do not constitute "good cause." *United States v. Al-Azzawy*, 768 F.2d 1141, 1146 (9th Cir.1985); *Hurtado*, 779 F.2d at 1476. *See also United States v. Nance*, 666 F.2d 353, 358 (9th Cir.1982) *cert. denied*, 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982) (Speedy Trial Act case).

3. *Whether there was a "material" violation of section 3142(f).*

The language of the Act must be strictly construed and, therefore, if section 3142(f)'s "time constraints are violated in any *material* way, the district court should not order unconditional pretrial detention of the person." *Al-Azzawy*, 768 F.2d at 1145 (emphasis supplied). Unfortunately, the term "material" violation was not explained. The court did hold, however, that absent good cause, an eight-day continuance violated subsection (f). *Id.* at 1146. *See also United States v. Malekzadeh*, 789 F.2d 850, 851 (11th Cir.1986) (although the Eleventh Circuit affirmed on other grounds and did not reach the issue, the district court found that it was not a "material" violation to exceed the three-day time limit for government continuances and hold the detention hearing four days after the defendant's initial appearance); *Heilig*, 633 F.Supp. at 332 (under circumstances of case, six-day continuance and resulting one-day delay was *"de minimis "*).

Under the circumstances of this case, the Court finds that the delay here was not "material." The Ninth Circuit in *Al-Azzawy* used the term "material" violation three times in its opinion. This suggests that the term was not used inadvertently, but rather that the court intended to distinguish "material" violations of the statute from "technical" violations. Otherwise, the term "material" would be meaningless.

This Court will not ignore the apparent intent of the *Al-Azzawy* court.

If the term "material" violation has any application at all, then it must apply to this case. Even if the detention hearing was technically late, the delay lasted only a few hours. The hearing arguably should have been held before the close of judicial business on November 19, 1986. Instead, the hearing was held the next morning. Although an additional night of confinement is probably never insignificant, in this case the Court finds that there was no material violation of the statute. This is especially true since it appears that confusion over what occurred at the defendant's initial appearance and the unavailability of judicial officers led to the hearing date being set on November 20.

IT IS, THEREFORE, HEREBY ORDERED that the Order issued by Magistrate Sattler on November 24, 1986, is AFFIRMED.