UNITED STATES of America,
Plaintiff-Appellee,

v.

Esteban MADRUGA,
Defendant-Appellant.

No. 87–5001.

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1987.

Fay and Anderson, Circuit Judges, concurred in part A.

Jack M. Denaro, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Kathleen M. Williams, Miami, Fla., for plaintiff-appellee.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

This matter, which is before the court pursuant to appellant-defendant Esteban Madruga's motion seeking review of a pretrial detention order,[1] requires interpretation and application of the Bail Reform Act of 1984. 18 U.S.C.A. secs. 3141–56. Among other things, we must determine whether Madruga is correct in maintaining that his pretrial detention hearing, which was held four days after he first appeared

---

1. We construe appellant's request for review as a motion for bail.

before a federal magistrate, was untimely under 18 U.S.C.A. sec. 3142(f).[2] For the reasons stated herein, we conclude that the continuance in question did not violate section 3142(f). Madruga's other arguments also are meritless; we therefore deny his motion for bail and affirm the district court's imposition of unconditional pretrial detention.

Madruga, who was arrested on November 19, 1986, initially appeared before a federal magistrate on November 20, 1986, a Thursday. At that appearance, when asked what it proposed regarding pretrial detention, the government requested a three-day continuance. Although Madruga's counsel announced he was ready to go forward at once, the magistrate nevertheless set the hearing for the next Monday, November 24—four days later. The magistrate held the hearing on November 24 and eventually allowed Madruga to remain free on bond, a decision the government appealed to the district court.

On appeal to the district court, Madruga contended that court did not have jurisdiction over the question of pretrial detention because the pretrial detention hearing before the magistrate had been held four, not three, days after Madruga's initial appearance and thus was untimely. The district court, however, rejected Madruga's argument, stating that: (1) "defense counsel objected to the Government's request for a three-day extension and asked that the hearing be held immediately or the next day"; (2) the objection nevertheless was of "no moment" because the government was "entitled to a three-day extension pursuant

to 18 U.S.C.A. sec. 3142(f)"; (3) the objection "contest[ed] any continuance whatsoever", not the Monday date rather than the correct hearing date of Sunday; (4) Madruga had therefore failed to enter a proper objection and thus his argument was precluded by *United States v. Malekzadeh,* 789 F.2d 850 (11th Cir.1986); and (5) moreover, "the one day violation of sec. 3142 in order to avoid holding court on Sunday is not a material deviation. Only material violations of sec. 3142 require denial of pre-trial detention." Having asserted jurisdiction, the court then declared the magistrate's conclusions regarding the propriety of bond clearly erroneous and ordered Madruga held unconditionally pending trial.

A. *Objection*

The linchpin of Madruga's argument to us is his claim that defense counsel objected to the postponement of the detention hearing. As a threshold matter, Madruga characterizes the district court's conclusion that Madruga objected to the idea of "any continuance whatsoever" as a finding of fact that is subject to reversal only for clear error. *See Duncan v. Poythress,* 657 F.2d 691, 708 (5th Cir.1981) (Unit B), *cert. granted,* 455 U.S. 937, 102 S.Ct. 1426, 71 L.Ed.2d 647, *cert. dismissed,* 459 U.S. 1012, 103 S.Ct. 368, 74 L.Ed.2d 504 (1982).[3] Although we note that a district court's conclusion regarding whether a party's actions before a federal magistrate were sufficient to preserve the party's legal rights on appeal to the district court is probably a question of law—or at least a mixed question of fact and law[4]—we need not reach

---

**2.** Section 3142(f) provides that "the judicial officer" shall hold a hearing regarding the appropriateness of pretrial detention in certain cases. It also stipulates that

> The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion for the attorney for the Government may not exceed three days.
> ....

**3.** In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit Court of Appeals adopted as precedent all decisions of Unit B of the former Fifth Circuit.

**4.** The traditional reasons that form the basis for the restricted review we give district court factual findings are not presented here. Both we and the district court sit in this case as courts of appeal, seeking to determine the sufficiency of words that appear only on a cold transcript. Thus, neither we nor the district court are able to discern the nuances of language, tone, inflection and demeanor that warrant according *in-person* findings of fact limited review. *See generally Martin v. Kemp,* 760 F.2d 1244, 1247 (11th

that issue. Even if we assume that the district court's determination was a finding of fact, we nevertheless reject that determination as clearly erroneous.

The statements that Madruga asserts as objections occurred in the preliminary portion of the initial appearances of several defendants. The magistrate was attempting to determine what type of pretrial detention the government sought for each defendant and whether each defendant was prepared to proceed regarding each requested detention. The following statements represent all communications between Madruga's counsel and the magistrate that can possibly be cited as "objections."

> THE COURT: All right. Let me take—Let me ask some questions. Mr. Tabares—there you are. On Madruga and—What is the government's recommendation on Madruga?
>
> MS. WILLIAMS: Your Honor, the government is asking for a three day waiting period to request pretrial detention.
>
> MR. TABARES: I'm ready to go now, your Honor.
>
> THE COURT: OK. You're requesting the three days until Monday?
>
> MS. WILLIAMS: Yes.

Transcript of Initial Appearance, November 20, 1986, at 2. After pursuing a similar line of questioning with all defendants, the magistrate returned to Madruga's counsel.

> THE COURT: OK. Let me take Mr. Madruga for the moment. Mr. Madruga. All right, again, what is the government's request as to Mr. Madruga and the basis for its request.
>
> MS. WILLIAMS: Your Honor, at this time the government is requesting a three day extension to consider pre-trial detention of Mr.—

Cir.1985) (discussing the bases that distinguish questions of fact and mixed questions of law and fact).

> THE COURT: Do we need the interpreter?
>
> THE DEFENDANT: No, I don't.
>
> THE COURT: OK.
>
> MS. WILLIAMS:—of Mr. Madruga.... Therefore, we request the three days for a hearing to be held Monday.
>
> MR. TABARES: Your Honor, first of all I'm ready to go on a bond hearing today.
>
> Your Honor, Mr. Madruga has been married for twelve years. His wife is here in the court today. He has two children. All of his personal documents the government already seized this morning at 2:30 in the morning. There's no way that he can fly and there's no way that he can travel without those documents. He doesn't even have his driver's license with him. So, I see no danger in fleeing the jurisdiction.
>
> THE COURT: Well, I'm going to give the government their opportunity to present it at a full hearing. I'm going to set pre-trial detention hearing for Monday, November—
>
> MR. TABARES: Could it be Friday, your Honor?
>
> THE COURT: No, we're going to set it for Monday, November 24. The government's requested three days. They're entitled to it under the statute. November 24th with a preliminary hearing for December 1st....

*Id.* at 7–9.

Viewed separately or in their entirety, these comments are not objections. The first statement by defense counsel (Mr. Tabares) is a mere acknowledgment of readiness to proceed should the court so choose. The second statement, while marginally more argumentative, at best indicates a preference of convenience; i.e., to proceed on Friday rather than Monday. It cannot be correctly read as an objection to proceeding on a date that exceeds the statutory limits.[5]

**5.** It also appears on this record that counsel did not object, at the Monday hearing, that the hearing date violated section 3142(f)'s guidelines. This lends credence to our conclusion that counsel neither actually objected to a Monday

■ We ought not, and do not, expect some sort of ritualistic incantation from trial lawyers to make an effective objection; but we can and do expect plain talk sufficient to direct the presiding officer's attention to the existence of an objection and to the specific ground that underlies the objection. *See Wilson v. Attaway,* 757 F.2d 1227, 1242 (11th Cir.1985) (to preserve objections to admissibility of evidence, objection must state specific grounds; otherwise, review is only for plain error); *Trustees of Sabine Area Carpenters' Health & Welfare Fund v. Don Lightfoot Home,* 704 F.2d 822, 828 (5th Cir.1983) (failure to object waives right to raise issue on appeal); *Rabon v. Automatic Fasteners, Inc.,* 672 F.2d 1231, 1238 n. 15 (5th Cir.1982) (Unit B); *United States v. Chaney,* 662 F.2d 1148, 1151 n. 4 (5th Cir.1981) (Unit B) (failure to object waives issue on appeal but for plain error; purpose of rule is to allow trial court opportunity to avoid or correct any error); *United States v. Adamson,* 665 F.2d 649, 660 (5th Cir.1982) (Unit B) ("Objections and the grounds therefor should be made with particularity."), *modified on other grounds,* 700 F.2d 953 (5th Cir.) (Unit B) (en banc), *cert. denied,* 464 U.S. 833, 104 S.Ct. 116, 78 L.Ed.2d 116 (1983); *United States v. Hicks,* 524 F.2d 1001, 1004 (5th Cir.1975) (specific objection necessary to preserve issue on appeal), *cert. denied,* 425 U.S. 953, 96 S.Ct. 1729, 48 L.Ed.2d 197, *cert. denied sub nom. Barnett v. United States,* 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1986).[6]

We decline to add the duty to interpret imaginatively what lawyers say to the long list of responsibilities of magistrates and other trial judges. In this case, what was actually said to the magistrate was too vague. In light of what was presented to

him, it would have been extraordinary had the magistrate realized that there was a serious *legal* problem facing him concerning the timing of the rescheduled detention hearing.[7] Accordingly, we conclude that, whether viewed de novo or under the clearly erroneous standard, no effective objection was made dealing with the timing of the detention hearing.

In *United States v. Malekzadeh,* 789 F.2d 850, 851 (11th Cir.1986), we held that the defendant's failure to object "is deemed to be a request that the hearing be continued ..."; and, since the defendant may obtain up to a five-day extension under section 3142(f), the hearing was timely. *Id.* The facts in this case require the same analysis, and the same result, as in *Malekzadeh.*

■ Unless a defendant objects to the proposed hearing date on the stated ground that the assigned date exceeds the three-day maximum, he is deemed to acquiesce in up to a five-day continuance. Put differently, if no specific objection is entered and if the hearing date is within five days from the initial appearance, the hearing is timely. *Malekzadeh,* 789 F.2d at 851. Madruga made no effective objection; consequently, he implicitly requested that the hearing be continued until Monday in order to avoid a Sunday hearing. The hearing was held within five days of the initial appearance and therefore was timely. *Cf. United States v. Hurtado,* 779 F.2d 1467 (11th Cir.1985) (eight day delay violated 3142(f)).

### B. *Materiality*

Because Judges Fay and Anderson believe part A of this opinion is adequate to support affirmance, they do not join me in

---

hearing (versus Sunday hearing) nor communicated any statutory violation argument to the court.

**6.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

**7.** "Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *Clark v. Linley Motor Co.,* 126 Kan. 419, 268 P. 860, 861 (1928).

part B; but I think that an alternative holding is permissible and appropriate.

■ The district court's order also specifically raised the issue whether certain extensions that exceed section 3142(f)'s time limits may be excused as immaterial variances.[8] The district court concluded that "only material violations of section 1342 require denial of pre-trial detention." Therefore, as an alternative basis for denying Madruga's motion, the district court specifically decided that the 24-hour delay was an immaterial variance and thus insufficient to divest the court of its power to order pretrial detention. I think this is right. *Cf. United States v. Heilig*, 633 F.Supp. 329, 332 (M.D.Pa.1986) (one day delay was de minimus); *United States v. Wimberly*, 648 F.Supp. 1572, 1574–75 (D.Nev.1986) (one day delay was immaterial).

Whether some minimal extension beyond the statute's three-day and five-day parameters may be excused as immaterial is a question of first impression in this circuit. I would leave open most materiality questions; but when the three-day or five-day extension for the *detention hearing* falls on a Saturday, a Sunday or a legal holiday and the judicial officer sets the hearing for the first day immediately thereafter which is not one of those days, I would hold that the delay is immaterial for the purposes of determining compliance with section 3142(f). I base my conclusion in large part on Fed.R.Crim.P. 45(a).[9]

Rule 45(a), which concerns computation of time periods in criminal procedures generally, has two distinct substantive parts.[10] The first portion specifies that in computing "any period of time," the last day of the period being computed "shall be included," unless it falls on a "Saturday, a Sunday, or a legal holiday ..., in which event the period runs until the end of the next day which is not one of the aforementioned days." The issue addressed, obviously, is whether the final day of a period includes weekends and holidays; the effect is to lengthen the period only if the last day falls on one of the specified types of days.

8. In *United States v. Al–Azzaway*, 768 F.2d 1141 (9th Cir.1985), an accused was held for almost one month before he was granted a pretrial detention hearing. The Ninth Circuit stated that "if the time constraints [of section 3142(f) ] are violated *in any material way*, the district court should not order unconditional pretrial detention of the person." *Id.* at 1145 (emphasis added). The *Al–Azzaway* court did not explain the reach of its statement regarding materiality, although the implication is that immaterial variances would not be sufficient to preclude unconditional pretrial detention of an accused.

9. Fed.R.Crim.P. 45(a) provides:

(a) *Computation.* In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of some paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When a period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

As used in these rules, "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

As a matter of law, I conclude that, in light of Rule 45(a)'s second sentence, no violation—immaterial or otherwise—occurred in this case. But even if Rule 45(a) does not, as a matter of law, directly impact on section 3142(f), I still believe that the sort of delays Rule 45(a)'s second sentence would authorize are immaterial violations of section 3142(f). For discussions recognizing the existence of a connection between Rule 45(a) and section 3142(f), see *United States v. Melendez-Carrion*, 790 F.2d 984, 991 (2d Cir.1986); *Wimberly*, at 1573–74. For a discussion rejecting such connection for some purposes, see *United States v. Hurtado*, 779 F.2d 1467, 1474 n. 8 (11th Cir.1985).

10. The first and second sentences of Rule 45(a) are the first substantive part of the Rule—the last day formula. The third sentence sets forth the second substantive portion of Rule 45(a)—the intermediate day formula. The Rule's final sentence is definitional, not substantive, and obviously applies to both substantive sections.

The second part of Rule 45(a) concerns a different question. It states that when the period being computed is less than 11 days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." In effect, this provision lengthens the time period by the number of intervening weekend days and holidays that occur while the period is running.

What I submit as an alternative holding in this case is not in conflict with *United States v. Hurtado*, 779 F.2d 1467 (11th Cir.1985). In *Hurtado*, defendant made his initial appearance on August 28, 1985—a Wednesday. The pretrial detention hearing was held on the following Thursday, September 5, 1985.[11] In a footnote, the *Hurtado* court indicated its view that Rule 45(a) was inapposite: the intervening weekend and holiday should be included in determining whether section 3142(f)'s time requirements were met. *Id.* at 1474 n. 8. *But see United States v. Melendez-Carrion*, 790 F.2d 984, 991 (2d Cir.1986); *Wimberly, supra,* at 1573–74. Thus, *Hurtado* only addresses the applicability of the *second* part of Rule 45(a) that concerns intervening weekends and holidays. It does not

answer whether the *first* part of Rule 45(a)—the "last day" formula of the rule—should apply to section 3142(f) computations.[12]

CONCLUSION

The Bail Reform Act recognizes that pretrial detention is a serious matter. Holding a person in jail before that person has been determined to be guilty raises obvious and significant concerns. By the same token, however, a common sense application and interpretation of the Bail Reform Act is necessary to ensure that its goals—especially its aim to protect society from accused parties who might flee the jurisdiction or commit additional serious wrongs—are met. The district court had jurisdiction to consider, in all respects, the pretrial detention of Madruga. Its imposition of unconditional pretrial detention is AFFIRMED, and Madruga's motion for bail is DENIED.

**11.** Thus, the hearing was held 8 days after defendant's initial appearance. If the three arguably excludable days that fell in the interim had been excluded, the hearing would have been timely as within the 5–day parameter. *See Malekzadeh*, 789 F.2d at 851.

**12.** I realize *Hurtado's* holdings are binding authority in the circuit and cannot be overturned by me or even by a unanimous panel but only by the court en banc. It is hard to tell from *Hurtado's* footnote 8 whether Rule 45(a)'s applicability was squarely argued to the court; thus, the text of footnote 8 may be no holding, but only dictum. Nevertheless, as I see it, *Hurtado* is mistaken to the extent it indicates that Rule 45(a)'s "intermediate day" formula is inapplicable to section 3142(f) time computations. *See Hurtado*, 779 F.2d 1474 n. 8.

Specifically, the *Hurtado* court based its analysis on a comparison of subsections (d) and (f) of section 3142. Subsection (d), which provides for a ten-day temporary detention period for certain defendants, specifically excludes weekends and holidays in computing the ten days. Since subsection (f) does not contain this exclusion, the *Hurtado* court concluded that although Rule 45(a) "ordinarily" applies to statutes, "Congress obviously assumed that Rule

45(a) would not otherwise apply." *Hurtado,* 779 F.2d at 1474 n. 8.

I cannot agree with this analysis. If Rule 45(a) "ordinarily" applies to statutes, it should apply to section 3142(f) unless Congress expressed a contrary intent.

Section 3142(d) is no expression of contrary intent. When the Bail Reform Act was enacted in 1984, Rule 45(a)'s "intermediate days" formula applied only to periods of less than 7 days. All section 3142(d) did was extend the normal 45(a) method of computing short periods of time to a 10–day period. Since Rule 45(a) already applied, as then codified, to a 5–day period, there was no need for Congress to create a specific, and redundant, exclusion in subsection (f).

Notwithstanding my disagreement with *Hurtado*, I do not regard my view as to how the Rule 45(a) "last day" formula applies to the circumstances of this case as conflicting with *Hurtado* since the circumstance in the two cases are significantly different. That is, the hearing in *Hurtado* was not held the first day following a weekend or legal holiday. The *Hurtado* court therefore could not decide whether Rule 45(a)'s "last day" formula applied because the court was not presented with that separate, discrete issue. That issue remains open.