850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward CLARK a/k/a Eddie Hatcher Timothy Bryan Jacobs,
Defendant- Appellants.
 No. 88-5079.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 2, 1988.
Decided: June 30, 1988.
Rehearing In Banc Granted Aug. 3, 1988.
 
 Bob Warren, Stephanie Y. Moore, William M. Kuntsler, for appellants.
 John Stuart Bruce, Assistant United States Attorney for the Eastern District of North Carolina, for appellees.
 Before JAMES DICKSON PHILLIPS, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants appeal an order of the United States District Court for the Eastern District of North Carolina affirming a magistrate's order detaining defendants without bail pending trial. In pertinent part, the district court found that defendants received a timely detention hearing in accordance with 18 U.S.C. Sec. 3142(f) (West 1985 & Supp.1988). We reverse.
 
 
 2
 Section 3142(f) of the Bail Reform Act (Act) in relevant part provides that a detention hearing shall be held "to determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community." The language of Sec. 3142(f) further unambiguously provides that "the hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance." Except for "good cause," a defendant may not request a continuance in excess of five days from the first appearance and the government may not request a continuance beyond three days. Id. Section 3142(g) then provides that the judicial officer making the determination of whether to detain or release a defendant must consider information concerning several specific factors including "the nature and circumstances of the offense charged," "the weight of the evidence against the person," and the nature of the threat the person poses to other individuals or the community if released. If the judicial officer determines, in accordance with the provisions of Sec. 3142, that detention is appropriate, Sec. 3142(i) then dictates entry of a detention order that "shall ... include written findings of fact and a written statement of the reasons for detention." "[T]he procedure under Sec. 3142 must be strictly followed as a precondition to detention under subsection (e)." United States v. Al-Azzawy, 768 F.2d 1141, 1145 (9th Cir.1985).
 
 
 3
 The defendants were arrested February 1, 1988, and first appeared before a judicial officer on February 2, 1988. At this appearance before a magistrate, the government made a motion for unconditional detention of both defendants pursuant to Sec. 3142(f). The government then represented to the magistrate that counsel for the defendants had agreed that he thought detention was in his clients' best interest given the then perceived unpopularity of the defendants' actions which led to their arrest. Upon inquiry from the magistrate, defense counsel agreed that his clients felt that it was in their immediate best interest to remain in the protection of custody. Without further discussion, the magistrate entered an order unconditionally detaining the defendants. The order necessarily contained none of the critical findings required by the Act as no hearing had been conducted in this regard.
 
 
 4
 On February 17, 1988, upon motion by replacement counsel for the defendants to "reopen the detention hearing," a full-scale hearing was held before the magistrate. This culminated in entry of a detention order containing findings of the nature required by Sec. 3142. The district court later affirmed these findings and overruled objections raised by the defendants as to the timeliness of the hearing.
 
 
 5
 We hold that the magistrate's failure to hold a detention hearing on February 2, 1988 or within five calendar days thereof, see United States v. Hurtado, 779 F.2d 1467, 1474 n. 8 (11th Cir.1985), constitutes a flat violation of the critical time requirements of 18 U.S.C. Sec. 3142(f). See 779 F.2d at 1475. We do not believe that waiver of either the time requirements or of the hearing itself, with the associated order properly supported by specified critical fact findings, is contemplated by the Act. Indeed, the Act's plain language is to the contrary. See id. More importantly, to countenance findings of waiver would seriously undermine a difficult balance struck by Congress between concerns of public safety and constitutional concerns related to an accused's interest in retaining his or her liberty until proven guilty. See id.
 
 
 6
 We therefore reverse the district court's detention order as fatally flawed by the failure to hold a timely detention hearing.* We remand to the district court for a prompt determination of appropriate conditions of pretrial release in accordance with 18 U.S.C. Sec. 3142(c). It is directed that the mandate issue forthwith.
 
 
 7
 REVERSED AND REMANDED.
 
 WILKINS, Circuit Judge, dissenting:
 
 8
 Defendants knowingly and intelligently waived release from pretrial detention. They should not now be ordered released on the basis that a timely detention hearing was not held. I therefore respectfully dissent from the reversal of the detention order.
 
 
 9
 The day after their arrest, Defendants appeared with counsel before a United States Magistrate who advised them of their "right to be considered for bail or release on conditions pending the time this case is in the court." The magistrate was then informed by the prosecuting attorney that "[p]ursuant to my conversations with Mr. Cunningham, [Defendants'] attorney, we agree that it would [be] in the best interest of both his client[s] and the body politic at large that they be detained. Our agreement is, I think, that they will waive a detention hearing." Mr. Cunningham, in the presence of Defendants, represented to the court that this was a correct statement of the agreement. This agreement of the parties, announced in the presence of Defendants, clearly demonstrates a knowing and intelligent waiver of the requirements and protections of the Bail Reform Act of 1984, 18 U.S.C.A. Secs. 3141, et seq. (West 1985 & Supp. 1988).
 
 
 10
 Defendants waived release on bail or on any other condition, not just the time requirement for a detention hearing. This case thus differs significantly from United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985), where the defendants sought release on bail but suggested a continuance beyond the statutory time limits. The court there held that the Act must be strictly construed, id. at 1474, and concluded that "the statute does not provide for voluntary waiver of the time requirement by the defendant," id. at n. 7. But, the Eleventh Circuit has since stated that while Hurtado mandates the statute be strictly construed, "it does not require that it be construed in contravention of common sense." United States v. Malekzadeh, 789 F.2d 850, 852 (11th Cir. 1986).
 
 
 11
 Section 3142(f) provides that a detention hearing shall be held immediately upon a defendant's initial appearance unless a continuance is sought by the defendant or the government. Except for good cause, a continuance on motion of the government may not exceed three days, nor five days on motion of a defendant. 18 U.S.C.A. Sec. 3142(f). In Malekzadeh, where the defendant made no objection to a four-day continuance on motion of the government, the court found no violation of the Act despite the three-day limit, reasoning that "common sense clearly tells us that the defense counsel implicitly requested that the hearing be continued [within the five days allowed on his own motion]." 789 F.2d at 852.
 
 
 12
 Applying the same "common sense" here, Defendants implicitly requested an indefinite continuance for good cause allowed under section 3142(f)--good cause being their personal safety. And when Defendants later requested a detention hearing, one was held within five work days on a date chosen by defense counsel. See Fed.R.Crim.P. 45(a); United States v. Melendez-Carrion, 790 F.2d 984 (2d Cir. 1986).
 
 
 13
 Just as it made no sense to rigidly apply the Act in Malekzadeh, mechanical application of the Act when Defendants desire to remain in custody for their own protection is illogical and "exalt[s] form over substance." United States v. Coonan, 826 F.2d 1180, 1182 (2d Cir. 1987). In Coonan, a detention hearing was not held until after expiration of the statutory time limits because defense counsel had informed the government that "bail was not an issue." The court rejected the defendant's argument that the statutory right is not waivable "since it would convert the time requirements of the act into a potential trap, available to defendants, that would undermine the functioning of the act, and would also require meaningless, ritualistic hearings in situations where no one wants them." Id. at 1184.
 
 
 14
 The Act affords certain rights to defendants through procedural rules and there is no reason why they should not be allowed to waive those rights. If defendants can waive fundamental constitutional rights such as the right to counsel, Johnson v. Zerbst, 304 U.S. 458 (1938), or the right to a jury trial, Patton v. United States, 281 U.S. 276 (1930), surely they are not precluded from waiving procedural rights granted by statute. Consequently, I would affirm the detention order.
 
 
 
 *
 In light of the disposition of this matter on grounds of untimeliness, it is unnecessary for the court to reach the other issues raised by defendants. In particular, we express no view of the propriety of the district court's affirmance of the magistrate's order without making its own findings of fact. See 18 U.S.C. Sec. 3142(f) (West Supp.1988)