UNITED STATES of America, Plaintiff,

v.

Jaime CONTRERAS, Defendant.

No. 89–10043–Cr.

United States District Court,
S.D. Florida.

Feb. 6, 1990.

Christopher J. Clark, Asst. U.S. Atty., for U.S.

Bradley R. Stark, Miami, Fla., for defendant.

## ORDER ON APPEAL

JAMES LAWRENCE KING, Chief Judge.

Defendant, Jaime Contreras, pursuant to 18 U.S.C. § 3145(b) has appealed the Honorable Linnea Johnson, U.S. Magistrate, pretrial detention ruling on grounds that his pretrial detention hearing was untimely.

On Thursday, November 16th, 1989, defendant made his initial appearance before Magistrate Johnson. The government requested pretrial detention of the defendant, and a three-day continuance of the detention hearing. Magistrate Johnson granted the continuance and scheduled the pretrial detention hearing for the following Monday, November 20th, 1989, four days after the initial appearance.

At the November 20th pretrial detention hearing, defendant objected that because it was set more than three days after the initial appearance, the hearing was untimely. Magistrate Johnson reserved ruling on the timeliness issue; she held defendant should submit a more comprehensive citation of authorities to which the government should respond, whereupon the court would issue an order on the timeliness issue. Magistrate Johnson then proceeded with the pretrial detention hearing and concluded that the defendant be detained on the grounds that he present both a risk of flight and a danger to the community.

On December 11th, 1989, the defendant provided the court with a memorandum of law on the issue of timeliness. On January 10th, 1990, Magistrate Johnson issued an order which stated that she had issued a written detention order on December 1, 1989 which the clerk of the U.S. District Court had failed to file and docket. The January 10th order contained no specific reference to the timeliness issue and did not address defendant's December 11th memorandum of law.

The court will address the timeliness issue first raised at defendant's pretrial detention hearing at this juncture. Magistrate Johnson had not ruled on the issue, the Government has never responded to defendant's contentions, and the court has before it the entire record and all relevant law.

Title 18 U.S.C. § 3142(f) governs pretrial detention hearing. This statute provides that if detention is sought:

> [t]he hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed

three days. During the continuance, the person shall be detained....

18 U.S.C. § 3142(f). The time limit in this section "is construed most strictly." *United States v. Hurtado,* 779 F.2d 1467, 1474 (11th Cir.1985). Consequently, Saturdays, Sundays and holidays are included for determining the date of a pretrial detention hearing. With this in mind, defendant's pretrial detention hearing should have been set for Sunday instead of Monday. This scheduling constituted error by the Magistrate. However, this one-day delay should not work to bar detention of this defendant.

In *United States v. Al-Alzzawy,* 768 F.2d 1141 (9th Cir.1985), the Ninth Circuit ordered conditional release for a defendant who was held for almost one month before he was granted a pretrial detention hearing. The court held that "if the time constraints [of § 3142(f)] are violated in *any material way,* the district court should not order unconditional pretrial detention of the person." *Id.* at 1145 (emphasis added). In contrast, the defendant here was held only one day in excess of the statutory requirement. Although the Eleventh Circuit has not specifically addressed the issue of material delay within the confines of 18 U.S.C. § 3142(f), Judge Edmondson of the Eleventh Circuit adopted the conclusion that "only material violations of section 1342 require denial of pre-trial detention." *United States v. Madruga,* 810 F.2d 1010, 1015 (11th Cir.1987). Circuit Judge Edmondson embraced the district court's specific decision that "a 24-hour delay was an immaterial variance and thus insufficient to divest the court of its power to order pretrial detention." *Id.* at 1015. *Accord United States v. Heilig,* 633 F.Supp. 329, 332 (M.D.Pa.1986) (one-day delay was de minimus); *United States v. Wimberly,* 648 F.Supp. 1572, 1574–75 (D.Nev.1986) (one-day delay was immaterial). Accordingly, the court

ORDERS and ADJUDGES that defendant Jaime Contreras' motion for conditional release is hereby DENIED; The court further

ORDERS and ADJUDGES that defendant Jaime Contreras' petition for writ of Habeas corpus is hereby DENIED.

DONE and ORDERED.