**UNITED STATES of America,**

v.

**Aniello DELLACROCE, John Gotti, John Carneglia, Eugene Gotti, Charles Carneglia, Wilfred Johnson, Anthony Rampino, Leonard Di Maria, Nicholas Corozzo and Armond Dellacroce, Defendants.**

**No. 85 CR 178.**

United States District Court,
E.D. New York.

July 18, 1985.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Diane Giacalone, Asst. U.S. Atty., Brooklyn, of counsel), for the U.S.

Gerald L. Shargel, New York City, for defendant Armond Dellacroce.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The attorney for the government moves for a pretrial detention order under the Bail Reform Act of 1984 (the Act). 18 U.S.C. § 3141 *et seq.*

Under the Act, "[u]pon motion of the attorney for the Government," a judicial officer must hold a hearing to determine whether any conditions will reasonably assure the appearance of a defendant if the case involves, among other things, a "serious risk that the person will flee." 18 U.S.C. § 3142(f)(2). The Act further states that the

hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days.

18 U.S.C. § 3142(f). If the judicial officer finds by a preponderance of the evidence that no combination of conditions will reasonably assure the appearance of the person, he shall order that person detained under 18 U.S.C. § 3142(e). *See United States v. Chimurenga*, 760 F.2d 400, 405–6 (2d Cir.1985).

The court is asked to determine (1) whether the attorney for the government made a "motion" at defendant's "first appearance" before a judicial officer for a detention hearing within the meaning of section 3142(f), and (2) if such motion was made, whether either the government or the defendant sought a continuance at that first appearance. If the government requested a continuance (which cannot exceed three days "[e]xcept for good cause"), the court is asked to determine whether the government sought and the court granted an extension beyond the three days. If the continuance, however, was sought by the defendant, no showing of good cause is required so long as the continuance does not exceed five days. A further question is whether the defendant could and did waive his right to a hearing within the three day period.

The court finds the following. Defendant was arrested in Florida in the early morning hours of Wednesday, July 10, 1985. His first appearance was before Magistrate Patricia Kyle in Florida on July 10, 1985. At that appearance, the Magistrate made clear to defendant and his attorney in Florida, Jeffrey Kaye, that the United States Attorney in this district had ap-

plied for a detention hearing. Laurina Snow, the Assistant United States Attorney in Florida, then made a formal application for such a hearing and a request for a three day continuance. Defendant's attorney then said it was defendant's desire to have the hearing in this district rather than in Florida on the ground that the only meaningful hearing would be here where defendant's parents resided.

Ms. Snow informed the Magistrate that the Assistant United States Attorney in charge of the case in this district would be willing to come down to Florida for the hearing. The Magistrate announced that she could hold the hearing on Friday, July 12, 1985. She also said that she would be available to hold the hearing on Monday, July 15, 1985.

Defendant's attorney reiterated that defendant wished to have the hearing held here and said that defendant would waive removal proceedings if the Magistrate would be willing to obtain an order from a judge directing the Marshal to transport defendant to New York promptly. The Magistrate said she would try to obtain an order to have the defendant brought here in time for a hearing on Tuesday, July 16, 1985, a date she had been informed this court had scheduled for the hearing if defendant were brought from Florida.

After having heard this and consulted with counsel, defendant waived removal proceedings.

This court finds that defendant was given the option of having the hearing held in Florida on Friday, July 12, 1985 or having the hearing held here on Tuesday, July 16, 1985. He chose the latter.

A hearing in Florida on July 12 would have been timely. So too would one held on July 15 since Saturday and Sunday are not to be counted. Fed.R.Crim.P. 45(a). Defendant contends that the hearing was not timely in this district when held on July 16, 1985. He asserts that it should have been held at the latest on Saturday, July 13. He argues that Saturdays (although not Sundays) are to be included in the count, that the hearing was outside the

three day continuance the government applied for, and that the government never applied to extend that period for "good cause."

■ This court holds that by opting for the hearing in New York on July 16, 1985 defendant may not be heard to argue that it should have been held before that date. In effect he sought a continuance until the later date. Whether his knowing choice be construed as a "motion" for a five day continuance or as a waiver of an earlier hearing makes no difference. If defendant could apply for a five day continuance he could also waive his rights for that period of time. Even assuming *arguendo* that an accused may not waive his right to a hearing date beyond five days, defendant concedes that July 16, 1985 was within that period (since Sunday is not counted). There is nothing in *United States v. Payden,* 759 F.2d 202 (2d Cir.1985) inconsistent with the foregoing.

The court holds that a timely hearing has been held, and turns to the merits.

■ The evidence adduced at the hearing shows the following. When defendant was arrested in Florida, over three months after the indictment was handed up, he was carrying a driver's license, selective service card, and social security card bearing the name of John Dorme. Defendant persisted in denying that he was Armond Dellacroce and insisted that he was John Dorme, even though the arresting agent repeatedly informed defendant that the agent knew his true identity. Eventually he conceded who he was and said "you got me." Even at his first appearance before Magistrate Kyle defendant continued to give evasive and untruthful answers as to a variety of matters, including the place where he lived both in New York and Florida.

Defendant had signed a lease for an apartment in Florida and made a downpayment on the rent. A search of that apartment revealed, among other things, two loaded semi-automatic weapons and approximately $3,000 in cash. Telephone records indicate that shortly after the in-

dictment was handed up numerous telephone calls were placed to and from the home of Aniello Dellacroce, defendant's father and a co-defendant in this case, to and from locations near where defendant was arrested in Florida. Counsel for defendant essentially admitted that defendant was aware of the indictment and chose to go to Florida rather than remain in the jurisdiction.

The inferences are inescapable. Defendant knew that he had been indicted. He chose to become a fugitive and took steps to establish a false identity and new residence for himself in Florida.

The court has considered the factors set forth in 18 U.S.C. § 3142(g) in order 'to determine whether there are conditions of release that will reasonably assure defendant's appearance. He is charged with violating the RICO statutes (18 U.S.C. § 1961 *et seq.*). The indictment includes a substantive count and a conspiracy count. If convicted on both counts defendant faces the possibility of receiving a sentence of forty years imprisonment. He is alleged to be a member of, or employed by, or associated with, a segment of the Gambino Crime Family (of which his father is said to be the underboss) and to have participated with others in loan-sharking and gambling operations. Based upon the proffer made by the government, the court concludes that the weight of the evidence against the defendant is considerable.

Although the defendant has no history of employment for the past four years, his financial resources appear to be substantial. In addition to the $3,000 found in his apartment, the government has shown that he spent about that same amount in the weeks immediately preceding his arrest on car rentals, shoes, and downpayments on rent.

Defense counsel suggests that, if the court determines that release on personal recognizance or unsecured appearance bond will not assure defendant's appearance, the court release defendant on strict conditions pursuant to section 3142(c). These include a 7:00 p.m. curfew, a requirement that defendant actively seek employment, travel restrictions, reporting daily to pretrial services and by telephone to defense counsel. Defendant has also offered a total of about $100,000 to secure his appearance, which allegedly represents the savings of some of defendant's aunts and uncles. Defendant does not say he is prepared to post any of his own cash or collateral.

The court finds by a preponderance of the evidence that there is a serious risk of flight and that no condition of or combination of conditions will reasonably assure the appearance of defendant as required in this case. He chose to flee and to attempt to avoid arrest. He was evidently in touch with his father with whom he has close relations and who is apparently in very ill health. Whatever defendant's father said to him did not result in defendant's return to answer the charges. The court does not accept defense counsel's suggestion that defendant's actions were those of a young man who momentarily panicked. He is thirty years old and not without experience with the criminal courts, as his conviction for criminal contempt shows. The tape of a conversation which led to defendant's plea of guilty in that case in 1980 portrays a man, even at that date, of considerable sophistication and determination.

The motion of the government is granted, and the defendant is detained. The court directs that the provisions of 18 U.S.C. § 3142(i) be complied with. So ordered.