**UNITED STATES of America, Appellee,**

v.

**Arnold FRIEDMAN,**
**Defendant–Appellant.**

**No. 749, Docket 87–1538.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 5, 1988.
Decided Jan. 8, 1988.

Jerry D. Bernstein, New York City, for defendant-appellant.

Kevin O'Regan, Asst. U.S. Atty. for the Eastern District of New York, Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. for the Eastern District of New York, Brooklyn, N.Y., John Gleeson, Asst. U.S. Atty., of counsel), for appellee.

Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.

PER CURIAM:

Arnold Friedman appeals from Judge Costantino's order of pretrial detention. In a three-count indictment, Friedman was charged with sending and receiving child pornography via the mails in violation of 18

U.S.C. § 2252 (Supp. IV 1986). Because Judge Costantino's implied finding that Friedman posed a risk of flight was clearly erroneous, we reverse and remand.

The three-count federal indictment against Friedman was filed on November 13, 1987. In Count One, he is charged with having received a single pornographic magazine in 1984, and in Counts Two and Three, he is charged with having mailed, and subsequently having had returned to him, another pornographic magazine depicting homosexual acts between an adult and child, all violations of 18 U.S.C. § 2252. The latter mailings were, unbeknownst to Friedman, between Friedman and a United States Postal Inspector. Each count carries a maximum of ten years in prison.

On November 25, 1987, Friedman, a computer teacher, was charged with multiple state offenses alleging that he had sodomized and sexually assaulted a number of his male students between the ages of eight and twelve. In state court proceedings, Friedman was granted bail in the amount of $250,000 cash, a sum he apparently can post by pledging his family home. Subsequently, Judge Costantino ruled that the evidence of Friedman's sexual abuse of children, his collection of pornography, the seriousness of his federal charges and the erosion of support for him in the community justified detention prior to trial. Pursuant to Judge Costantino's order, Friedman has been placed in segregation in the Metropolitan Correction Center.

The Bail Reform Act limits the circumstances under which a district court may order pretrial detention. *See United States v. Salerno*, — U.S. —, 107 S.Ct. 2095, 2102, 95 L.Ed.2d 697 (1987). A motion seeking such detention is permitted only when the charge is for certain enumerated crimes, 18 U.S.C. § 3142(f)(1) (crimes of violence, offenses for which the sentence is life imprisonment or death, serious drug offenses, or felonies committed by certain repeat offenders), or when there is a serious risk that the defendant will flee, or obstruct or attempt to obstruct justice. *Id.* § 3142(f)(2).

■ After a motion for detention has been filed, the district court must undertake a two-step inquiry. *See United States v. Shakur*, 817 F.2d 189, 194 (2d Cir.1987). It must first determine by a preponderance of the evidence, *see United States v. Jackson*, 823 F.2d 4, 5 (2d Cir.1987), that the defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice. Once this determination has been made, the court turns to whether any condition or combinations of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial. *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir.), *cert. dismissed*, — U.S. —, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986).

In this case, the government concedes that Friedman was not charged with a crime of violence within the meaning of 18 U.S.C. § 3142(f)(1)(A), or any of the other crimes enumerated in Section 3142(f)(1). The government instead relies on the district court's "findings" that Friedman should be detained as a serious risk of flight. Title 18, U.S.C. § 3142(i) requires that when pretrial detention is ordered, "the judicial officer *shall* —(1) include written findings of fact and a written statement of the reasons for the detention; ..." (emphasis added). Judge Costantino's order contains only implicit findings relating to risk of flight but concludes that "no release conditions will reasonably assure the safety of any other person or the community if defendant is not detained."

■ However, the Bail Reform Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated above. The government contends that Friedman presents a serious risk of flight because of the nature of the charges against him, the strength of the government's case, the long sentence of incarceration he may receive, his age and the obloquy that he faces in his community. Yet, it is undisputed that Friedman is a life-long New York resident, that he has no prior criminal record, that he has no passport or known ability to evade

surveillance, that he has worked gainfully in the New York area for twenty-five years prior to his arrest, and that he is married and has three children, all of whom live in the New York area. Moreover, Friedman apparently took no steps to leave the jurisdiction after federal agents executed a search warrant at his home on November 3, 1987 and after he was arrested at home on state charges three weeks later. Finally, bail has been set for Friedman on the state charges, which are far more serious than those charged in this case.

In other cases concerning risk of flight, we have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight. In *United States v. Jackson,* for example, the defendant, who was arrested on a narcotics charge that gave rise to a presumption of flight under 18 U.S.C. § 3142(e), had used a number of aliases, had lived from hotel to hotel, had shown skill in avoiding surveillance, and had hidden assets. 823 F.2d at 6–7. Similarly, in *United States v. Coonan,* 826 F.2d 1180, 1186 (2d Cir.1987), where the defendant had been a fugitive for close to four months on the very charges for which he was incarcerated and his fugitive status had ended by capture, a serious risk of flight was shown. *See also Shakur,* 817 F.2d at 191 (defendant on FBI's list of "Ten Most Wanted Fugitives").

■ Accordingly, we hold that the district court's finding with regard to Friedman's risk of flight was clearly erroneous. We also reject the government's claim that this case involved a serious risk that Friedman would obstruct justice as the district court has made no finding whatsoever on this issue. We remand so that the district court can set conditions for Friedman's release under 18 U.S.C. § 3142(c). On remand, the government is also free to introduce purportedly new evidence in its possession of Friedman's risk of flight or of obstruction of justice.

Vacated and remanded.