UNITED STATES of America,
Plaintiff–Appellee,

v.

Bruce Emil AITKEN,
Defendant–Appellant.

No. 89–10505.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 1989.*

Order Entered Nov. 17, 1989.

Decided March 9, 1990.

See also, D.C., 711 F.Supp. 1031.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael Pancer, San Diego, Cal., for defendant-appellant.

Brian L. Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before HUG, WIGGINS and BRUNETTI, Circuit Judges.

HUG, Circuit Judge:

Bruce Emil Aitken appeals from the district court's order detaining him pending trial. We heretofore entered an order affirming the district court's denial of bail pending trial indicating an opinion would follow. This opinion expresses the reasons for our previous order. The central issue is whether the computation of the time permitted for continuances, without just cause, for a hearing on pretrial detention, permits the exclusion of weekend days as provided in Fed.R.Crim.P. 45(a).

*Facts and Proceedings Below*

Aitken has lived in Hong Kong for approximately 16 years. His home, family, and business are all in Hong Kong. Aitken travels throughout Asia and apparently has numerous contacts in Asia, including countries which do not extradite to the United States. Aitken also has access to extremely large sums of money.

On or about June 8, 1989, while traveling in Bangkok, Thailand, Thai authorities arrested appellant Aitken and deported him to the United States. Upon his arrival in San Francisco, California, on June 9, 1989, government agents arrested Aitken on a warrant issued pursuant to a superseding indictment that charged Aitken and seven others with conspiracy to aid and abet in the distribution of 42 tons of marijuana, in violation of 21 U.S.C. § 846; various money laundering counts, in violation of 18 U.S.C. §§ 2, 371, and 1956 and 31 U.S.C. §§ 5322(b) and 5324(1) and 31 C.F.R. §§ 103.21, 103.22(a) and 103.25(a), and a number of interstate travel in aid of racketeering counts, in violation of 18 U.S.C. §§ 2 and 1952(a)(1) and (3). The indictment also sought forfeiture of approximately $7,618,570 in United States currency.

On June 9, 1989, Aitken appeared before Chief Magistrate Woelflen in San Francisco. At that time, the Government moved for detention. Aitken requested a continuance to prepare for the detention hearing. The magistrate granted the continuance and set the detention hearing for June 16, 1989, a delay of seven days. On June 14, 1989, Aitken was removed to the district of Nevada pursuant to Fed.R.Crim.P. 40. On June 16, 1989, he appeared before Magistrate Atkins in Reno. The Government again requested detention. Aitken sought a second continuance in order to obtain the testimony of a witness who could not visit the United States prior to June 28, 1989. Finding good cause, the magistrate continued the detention hearing to June 29, 1989.

The hearing began on June 29, 1989 and was completed on June 30, 1989. On July 3, 1989, the magistrate ordered Aitken detained pending trial, finding that he constituted a flight risk. The district court denied Aitken's motion for bail on July 20, 1989 and denied his motion for reconsideration on September 25, 1989. Aitken appealed from the detention order.

DISCUSSION

Aitken contends that the delay in holding his detention hearing violates 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984. Under section 3142(f), a district court must hold a hearing for indefinite pretrial detention "immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance." The statute provides that a district court may not grant a continuance of more than five days on the defendant's motion nor more than three days on the Government's motion absent a finding of good cause. *Id.*

Here, the continuance in dispute is the continuance from the date of Aitken's initial appearance in San Francisco, California, on June 9, 1989, until his appearance in Reno, Nevada, on June 16, 1989.[1] This continuance amounted to seven days. The continuance was granted at the request of Aitken and was thus statutorily limited to five days, there having been no showing of good cause. Whether this seven-day continuance violates section 3142(f) turns on whether Fed.R.Crim.P. 45(a) excluding the two weekend days is applied. Rule 45 provides that weekend days and holidays should be excluded in the computation of time periods less than eleven days.

Aitken relies on *United States v. Hurtado*, 779 F.2d 1467, 1474 n. 8 (11th Cir.1985), in which the Eleventh Circuit held:

> [W]e find that Rule 45(a) is not applicable to this calculation. While Congress expressly provided in Section 3142(d) that in counting days for temporary detention we should exclude weekends and holidays, it did not include a similar provision in subsection (f). By expressly providing in one section for such an exclusion Congress obviously assumed that Rule 45(a) would not otherwise apply. By only making such provision in one of many subsections, we must assume this was a calculated decision.

A contrary result was reached by the Second Circuit in *United States v. Melendez–Carrion*, 790 F.2d 984, 991 (2d Cir. 1986), which applied Rule 45(a). A Nevada district court criticized the reasoning of *Hurtado*. In *United States v. Wimberly*, 648 F.Supp. 1572 (D.Nev.1986), the district court held that Rule 45(a) applies to 3142(f).

> The *Hurtado* Court's reasoning, however, seems to contradict itself. It assumed that, even though Rule 45(a) "ordinarily" applied to statutory time periods, it did not apply to section 3142(f) because Congress did not specifically exclude weekends and holidays. But if Rule 45(a) "ordinarily" applies to statutes, then, absent a contrary policy expressed in the statute, it should apply to

section 3142(f). *See Union National Bank* [*of Wichita, Kan. v. Lamb* ], 337 U.S. [38] at 40–41, 69 S.Ct. [911] at 912–13 [93 L.Ed. 1190].

> The express exclusion in section 3142(d) is not to the contrary. It simply shows that Congress, recognizing that Rule 45(a) did not apply to a ten-day time period, decided to modify the normal computation of time periods greater than six days. *United States v. Melendez–Carrion*, 790 F.2d 984, 991 (2nd Cir. 1986). On the other hand, Rule 45(a) did apply to a five-day time period and therefore a specific exclusion in subsection (f) would have been superfluous. Based on this reasoning, the Second Circuit found, and this Court agrees, that the time computation under section 3142(f) is governed by Rule 45(a). *Id.*

*Wimberly*, 648 F.Supp. at 1574. We agree with this reasoning.

Section 3142(d) deals with temporary detention to permit revocation of conditional release, deportation or exclusion. That section permits detention for ten days. At the time 3142(d) and (f) were written, Rule 45(a) applied to time periods of less than seven days, not eleven days as currently provided. Thus, had the drafters of 3142(d) not expressly excluded weekends and holidays in the computation, Rule 45(a), as then worded, would not have applied. Conversely, section 3142(f) applies to time periods of three or five days and thus was subject to the provisions of Rule 45(a) as worded at that time.

■ Thus, we hold that Rule 45(a) applies to the computation of time periods under section 3142(f). Accordingly, excluding the two weekend days in the computation, the continuance from June 9, 1989 to June 16, 1989 was a five-day continuance and did not violate section 3142(f). Aitken's detention hearing was held in a timely manner and the detention order need not be reversed for failure to hold a timely hearing.

---

**1.** The continuance from June 16, 1989 to June 29, 1989, was supported by a finding of good cause. This continuance does not amount to a violation of section 3142(f).

Since we find that the detention hearing was timely, we proceed to discuss the merits of the decision to detain Aitken. On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence, that the defendant poses a danger to the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir.1985). Here, the district court ordered Aitken detained because he poses a flight risk. We agree. On one hand, Aitken is an American citizen, has no prior record, and has a job offer to work in Colorado. On the other hand, he has no ties to the State of Nevada, has lived for the past 16 years in Asia, and has access to large sums of cash. The Government has shown, by a preponderance of the evidence, that appellant is a flight risk. We therefore denied appellant's motion for release pending trial. As indicated in our prior order, the district court's detention order is AFFIRMED.