947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald AUSTIN, Defendant-Appellant.
 No. 91-1297.
 United States Court of Appeals, Tenth Circuit.
 Oct. 29, 1991.
 
 Before BRORBY, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from an order of the district court imposing restrictive terms and conditions for his release on bond pursuant to 18 U.S.C. § 3142(a), (c). Initially, the magistrate judge ordered, among other things, that Defendant stay in a community treatment center (CTC) in Boulder, Colorado, on a twenty-four hour a day basis, with leave for meetings with counsel and court appearances. Following a hearing on Defendant's motion for reconsideration, the district court generally reaffirmed the conditions imposed but modified the magistrate judge's Order to permit Defendant to live at a CTC in Sacramento, California, where he resided before his arrest, and to leave the CTC for up to nine hours a day for verified employment. R.Vol. I, Doc. 22, district court Order filed August 8, 1991.
 
 
 3
 Defendant has not filed either an opening memorandum brief, due on September 3, 1991, see 10th Cir.R. 9.5.5 (simultaneous memoranda due fifteen days after filing of notice of appeal), or a reply to the government's brief, due on September 10, 1991, see id. (reply due five days after service of opposing parties' opening memorandum); see also Fed.R.App.P. 26 (weekends and holidays not included in computation of prescribed time periods of less than seven days). This omission could be deemed a waiver of the substance of this appeal,[1] see generally Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990) (failure to argue issue in brief deemed waiver of contention on appeal); Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir.1984) (same), but, in the interests of justice, we elect to review the district court's bail order.
 
 
 4
 The district court imposed the following conditions on Defendant's pretrial release pursuant to 18 U.S.C. § 3142(c)(1)(B):
 
 
 5
 (1) Execution of a bail bond in the amount of $100,000;
 
 
 6
 (2) Residence in CTC, with permission to leave for daily employment, meetings with counsel, and court appearances;
 
 
 7
 (3) Surrender of passport;
 
 
 8
 (4) Prohibitions on out-of-state travel, contact with alleged victims or potential witnesses, possession of firearms, destructive devices, or other dangerous weapons, excessive use of alcohol, and any unprescribed use or unlawful possession of controlled substances; and
 
 
 9
 (5) Regular reporting to pretrial services.
 
 
 10
 We shall restrict our analysis to the residential limitation, as it constitutes the severest restriction on Defendant's liberty and was the focus of Defendant's challenge at the July 22, 1991, hearing held by the district court on Defendant's motion for reconsideration of his release conditions.
 
 
 11
 Our review of the release order is plenary as to mixed questions of law and fact and independent, though with due deference to the district court, as to purely factual findings. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991). Where, as here, the basis for the detention or conditions imposed is risk of flight rather than potential danger to the community, the burden of proof to be met by the government is reduced to a preponderance of the evidence. See United States v. Aitken, 898 F.2d 104, 107 (9th Cir.1990); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir.1985); cf. 18 U.S.C. § 3142(f) (clear and convincing evidence required to support detention on basis of danger to community). With these standards in mind, we undertake a two-step inquiry to determine whether (1) Defendant presents a risk of flight and (2) the conditions imposed reasonably assure Defendant's appearance at trial. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir.1988).
 
 
 12
 The record[2] reflects several pertinent considerations supporting the conclusion that Defendant is a flight risk. See generally 18 U.S.C. § 3142(g) (factors relevant to detention determination). Defendant faces the threat of conviction on some ninety-five counts of mail fraud, wire fraud, false statement, and aiding and abetting set out against him in the grand jury indictment, and the weight of the evidence supporting these charges was assessed as "high" by the magistrate judge for the United States District Court for the Eastern District of California before whom these detention proceedings began, see R.Vol. I, Doc. 9, Detention Order of May 2, 1991. There are millions of dollars still not accounted for in this case, and Defendant allegedly told his (now ex-) wife that he had made arrangements to leave the country in the event of prosecution. See R.Vol. III (transcript of July 22, 1991, hearing) at 3-4, 11, 18. Prior to his surprise arrest in April of 1991, Defendant obtained false identification documents in California and used these to obtain several mail drops. Id. at 4-6. He also purchased a residence in California through a trust arrangement, so that his name did not appear on the public records, thereby potentially complicating future location by authorities. Id. at 7. We conclude that such facts, uncontradicted in substance by Defendant at the hearing, were sufficient to warrant the district court's consideration of the restrictive "further conditions" on pretrial release provided in § 3142(c)(1)(B).
 
 
 13
 Furthermore, we agree with the district court that, in light of the circumstances, the release conditions ultimately imposed on Defendant are reasonably necessary to assure his continued appearance in these proceedings. Indeed, numerous cases illustrate reliance on the factors recited above, in various combinations and contexts, in support of outright detention under § 3142(e). See generally United States v. Portes, 786 F.2d 758, 765 (7th Cir.1985); United States v. Jacob, 767 F.2d 505, 507-08 (8th Cir.1985); United States v. Dellacroce, 613 F.Supp. 312, 314-15 (E.D.N.Y.1985), aff'd, 795 F.2d 1005 (2d Cir.1986).
 
 
 14
 Accordingly, the order of the United States District Court for the District of Colorado is AFFIRMED. Defendant's Motion to Dismiss Appeal is DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Indeed, sometime after this case came at issue, Defendant filed a unilateral motion to dismiss the appeal. See generally, Fed.R.App.P. 42(b). We exercise our discretion to deny the motion. See generally Brookhaven Landscape & Grading Co. v. J.F. Barton Contracting Co., 681 F.2d 734, 736 (11th Cir.1982)
 
 
 [2]
 The facts recited above were established by proffer of evidence, a proper procedure in detention proceedings. See United States v. Gaviria, 828 F.2d 667, 669 (11th Cir.1987); United States v. Winsor, 785 F.2d 755, 756 (9th Cir.1986)