UNITED STATES of America

v.

**NAI Fook LI, et al., Defendants.**

**Criminal Action No. 96–10255–REK.**

United States District Court,
D. Massachusetts.

Dec. 13, 1996.

Charles W. Rankin, Boston, MA, for defendants.

Susan C. Hanson–Philbrick, U.S. Atty's. Office, Boston, MA, for plaintiff.

### MEMORANDUM AND ORDER FOR DE-TENTION OF MATERIAL WIT-NESSES, CHOU LEE LI, YEN CHIN CHEN, LI ZHONG, NI NU CHANG AND SHAING DI ZHU

SWARTWOOD, United States Magistrate Judge.

#### Background

On November 5, 1996, a Superseding Indictment was returned against Nai Fook Li, Hui Lin, Yiu Ming Kwan, Ju Lin, Ben Lin, Mao Bing Mu and Sang Li ("Defendants"), charging them with conspiracy to cause the illegal immigration of citizens from the Peoples Republic of China ("PRC") into the United States for profit, with attempting and aiding and abetting in that attempt, with conspiracy to cause the illegal immigration of citizens from the PRC to the United States and attempting to bring illegal aliens into the United States at a place other than a designated port of entry.

The Government alleges that several of the Defendants made arrangements with INS Special Agent Rendon, who was then posing as the owner of a fishing vessel, to off-load aliens from a larger vessel from the PRC and transport them to a Massachusetts port as a means for smuggling them into the United States. On September 28, 1996, Special Agent Rendon, his crew and one of the Defendants left port in the area of Falmouth, Massachusetts and began their journey toward a rendezvous with a vessel carrying the aliens.

On October 2, 1996, the United States Coast Guard boarded a Chinese cargo ship bearing the name "Xing Da" in international waters. After boarding the Chinese cargo vessel, the Coast Guard reported that over 100 Chinese aliens were on board who were to have been illegally transported to the United States. After the "Xing Da" was boarded by the United States Coast Guard, this vessel was taken to Bermuda, where after a day or so, all aliens on board the "Xing Da" were transported to the United States Military facility at Guantanamo Bay, Cuba where they were interviewed by INS Special Agents. As a result of these INS interviews, it was determined that four passengers from the "Xing Da" had information which could be material to the Government's case. On November 13, 1996, I signed warrants for the arrest of Chou Lee Li, Yen Chin Chen, Li Zhong, Ni Nu Chang and Shaing Di Zhu as material witnesses in a criminal proceeding in accordance with 18 U.S.C. § 3144. These five potential Government witnesses were then brought before this Court on December 6, 1996 for a hearing to determine whether or not they would be detained as material witnesses in accordance with 18 U.S.C. §§ 3144 and 3142.

At that hearing, an Affidavit of INS Special Agent David J. Golden was presented by the Government in support of its request to detain these witnesses.

#### Detention of Material Witnesses

A material witness may be detained in accordance with 18 U.S.C. § 3144 to insure

44

his or her appearance at a criminal proceeding. That statute provides as follows:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144.

"Under the statute, either the government or a criminal defendant can effectuate the detention of a material witness upon a showing that such material witness will, in all likelihood, be unavailable for the criminal proceeding. A material witness may not be detained, however, if a deposition would suffice as an adequate alternative to the witness' live testimony at the proceeding." *Aguilar–Ayala v. Ruiz,* 973 F.2d 411, 413 (5th Cir. 1992).

This procedure presupposes first, that the material witness is willing to be deposed and second, that admission of the deposition of a material witness' testimony at trial will be permitted as an alternative to live testimony over the objection of either the Government or the Defendant. *Id.* Generally, it is not readily apparent to the Court as to whether a material witness is willing to be deposed. For this and other reasons, one of the few circuit courts to address this issue has placed the burden on the witness to file a written motion pursuant to Fed.R.Crim.P. 15(a) requesting that he or she be deposed and released in lieu of detention. *Id.* Thus, the Fifth Circuit has held that a material witness "must file a 'written motion,' requesting that he be deposed. The motion must demonstrate that his 'testimony can adequately be secured by deposition,' and that 'further detention is not necessary to prevent a failure of justice.' *Id.* If a material witness refuses to be deposed and it is impracticable to secure the appearance of that witness by subpoena, or if deposition testimony would not serve as an adequate alternative to the witness's live testimony, than the court must consider the issue of detention in accordance with 18 U.S.C. § 3142.

■ Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant or in this case, a material witness be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, as it applies to material witnesses, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c) ] will reasonably assure the appearance of the person as required ..." 18 U.S.C. § 3142(e). The Supreme Court, in *United States v. Salerno,* 481 U.S. 739, 747, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755, 107 S.Ct. at 2105. For this reason, a material witness may be detained only if the judicial officer finds by a *preponderance of the evidence,* that the material witness poses a risk of flight. *See* 18 U.S.C. § 3142(f); *United States v. Jackson,* 823 F.2d 4, 5 (2d Cir.1987); *United States v. Berrios–Berrios,* 791 F.2d 246, 250 (2d Cir. 1986), *cert. denied,* 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). *See also United States v. Patriarca,* 948 F.2d 789, 792–93 (1st Cir.1991). Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142(c).

■ The Act as it relates to detention of material witnesses establishes a two step

procedure for making the determination that a material witness should be detained. First, a material witness may be detained if there is a serious risk that the witness will flee. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the material witness in this case. *See United States v. Friedman,* 837 F.2d 48, 49 (2d Cir.1988). Under this second step, a condition of release could be the taking of the witness' deposition in lieu of detention. *See* 18 U.S.C. § 3144.

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [material witness] as required", the judicial officer is compelled to consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

18 U.S.C. § 3142(g).

*Discussion*

The Government has filed an Affidavit of INS Special Agent David J. Golden in support of its request that these five "Xing Da" passengers be detained as material witnesses for the Government. In reviewing Special Agent Golden's affidavit, I find that the testimony of these five witnesses would be material to the Government's case.

In analyzing the issue of detention as it relates to these five material witnesses, I must first consider that these witnesses have not technically entered the United States and therefore, if released, are subject to immediate expulsion proceedings: that is, immediate reparation to the PRC. Each of these witnesses have a similar history of no ties to the United States:

1. *Chou Lee Li* is 24 years old and a lifelong resident of China, where until recently, he resided with his wife and one year old daughter. Chou Lee Li's parents reside in China but he has a relative who lives in the United States but whose name, address and telephone number was unknown at the time of the detention hearing. Chou Lee Li has no known criminal record.

2. *Yen Chin Chen* is 31 years old and has been a lifelong resident of China, where until recently, he resided with his wife and two children. Yen Chin Chen's parents and five brothers and sisters also reside in China. Yen Chin Chen has no relatives living in the United States and has no known criminal record.

3. *Li Zhong* is 30 years old and has been a lifelong resident of China, where until recently, he resided with his wife and one child. Li Zhong's mother is deceased and his father and one brother live in China. Li Zhong has no ties to the United States and has no known criminal record.

4. *Ni Nu Chang* is 33 years old and has been a lifelong resident of China, where until recently, he resided with his wife and one child. Ni Nu Chang's father is deceased and his mother and one brother reside in China. Ni Nu Chang has no ties to the United States and has no known criminal record.

5. *Shaing Di Zhu* is 35 years old and has been a lifelong resident of China, where until recently, he resided with his wife and two children. Shaing Di Zhu's father is deceased and his mother and three brothers reside in China. Shaing Di Zhu has no ties to the United States and has no known criminal record.

■ At the start of the detention hearing, in order to determine whether it would be possible to obviate the need for a detention hearing, I inquired of the witnesses' counsel if they would consider their clients being deposed on video-tape and then released for repatriation to the PRC. The witnesses' counsel strenuously objected to their clients being deposed. Therefore, I must determine whether detention of these witnesses is warranted pursuant to Section 3142.

First, I find that if these five material witnesses were released, they would be repatriated to the PRC and would not be available as witnesses at the time of trial. Assuming that I was to order that these witnesses be allowed to remain in the United States through the trial, I must then determine whether there are conditions or a combination of conditions which would secure their appearance at the trial if they were released. None of these witnesses has ties to the United States, except that Chou Lee Li purports to have an unidentified relative living somewhere in the United States. Furthermore, while it is true that these individuals are not defendants, for purposes of determining whether they are risks of flight, I must consider the fact that the Government has presented overwhelming evidence that these individuals were on the "Xing Da" in hopes of being smuggled into the United States. While this fact supports the inference that these individuals will not seek to return to the PRC, it also suggests that they will flee this area in an attempt to evade the INS and remain in this country. Considering the totality of the circumstances, I find that the Government has established by a preponderance of the evidence that if these material witnesses were released, they would not appear as required.

Since counsel for these witnesses have made it very clear that they refuse to be deposed on video-tape, I need not determine whether under Section 3144, these witnesses' testimony can adequately be secured by that means so that they may be released prior to trial and repatriated to the PRC. However, if for any reason these five material witnesses wish to be deposed in lieu of detention, they shall file a written motion with supporting affidavit, requesting that they be deposed and thereafter, released and repatriated to the PRC. If any material witnesses elects this option, I remind counsel that they must establish that the deposition testimony would serve as an adequate alternative to the witnesses' live testimony. Any material witness who files a motion to be deposed shall state in that motion whether he intends to invoke his Fifth Amendment privilege against self-incrimination.

■ I have determined that these witnesses should be detained for trial. However, I am very concerned that these five material witnesses are being treated as if they were charged with an offense. Presently, these five material witnesses for the Government are being held at the Plymouth House of Correction under the same conditions as would a defendant who has been detained at that facility pending trial. I am ordering that they be transferred to a minimum security, residential facility.[1] Furthermore, I will at any time consider any other alternative minimal security arrangements for housing these witnesses proposed by their counsel. I want to encourage all counsel, including the Government, to attempt to find such arrangements[2]. I further order that these witnesses are not to be handcuffed or shackled during their appearances in this Court.

---

1. I have made arrangements with the U.S. Marshal Service to transfer these witnesses to such a facility. Counsel for these witnesses should contact the U.S. Marshal, Worcester office to learn the location of their client's detention.

2. Counsel for Li Zhong and Shaing Di Zhu have requested that representatives of the Evangelical Church be permitted to interview one or more of these witnesses in order to determine whether such witnesses could be released into church members' custody pending trial. Counsel expressed a concern that the church representatives may not be allowed to interview the witnesses at the Plymouth House of Correction without a court order. Because these witnesses are being transferred to a minimum security facility, I find this issue to be *moot*. However, if church representatives are not permitted to interview the witnesses at the new facility, then counsel should file a written motion requesting that any person or organization willing to consider acting as these witnesses custodians pending trial be permitted to interview them for purposes of determining the feasibility of such an arrangement.

Therefore, it is ordered that these five material witnesses for the Government be detained in accordance with this Order.

*Order of Detention Pending Trial*

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That these witnesses be committed to the custody of the Attorney General, or their designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That these witnesses be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which they are detained and confined shall deliver them to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

*RIGHT OF APPEAL*

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).