UNITED STATES of America,
Plaintiff,

v.

Kerri DELGADO, a/k/a Kerri Correia
a/k/a Jennifer Lewis, Defendant.

No. CR13–4097–DEO.

United States District Court,
N.D. Iowa,
Western Division.

Dec. 4, 2013.

Shawn Stephen Wehde, U.S. Attorney's Office, Sioux City, IA, for Plaintiff.

Robert Tiefenthaler, Sioux City, IA, for Defendant.

## ORDER GRANTING MOTION FOR PRETRIAL DETENTION

LEONARD T. STRAND, United States Magistrate Judge.

### INTRODUCTION

This case is before me on a motion by plaintiff (the Government) for pretrial detention. I conducted a detention hearing on November 21, 2013. Assistant United States Attorney Shawn Wehde appeared for the Government. Defendant Kerri Delgado appeared personally and with her attorney, Robert Tiefenthaler. The Government presented testimony from Deputy United States Marshal Brandon Johnson and United States Probation Officer Nathan Vandermolen. The Government also offered two exhibits (a petition to revoke supervised release and a supplemental petition to revoke supervised release), both of which were received into evidence without objection. Defendant did not present testimony but did provide information through counsel by way of proffer. I also considered the information contained in the pretrial services report.

During the hearing, I *sua sponte* raised the issue of whether the Government is entitled to request pretrial detention under the circumstances of this case. Neither party was fully prepared to address that issue, so I established a deadline of December 2, 2013, for the parties to submit any supplemental arguments or authorities. Neither party did so. As such, the Government's motion is fully submitted.

### PROCEDURAL HISTORY

Delgado was convicted in case number 03–4079 (the First Case) of (a) conspiracy to distribute methamphetamine, cocaine and marijuana within a protected location and (b) possession of a firearm during a drug trafficking crime. After serving her sentence she commenced a ten-year term of supervised release (TSR) on January 27, 2013.

On November 13, 2013, the Grand Jury returned an indictment against Delgado in this case (the Second Case), charging her with one count of making false statements in violation of 18 U.S.C. § 1001. On November 19, 2013, the Government filed a petition (Doc. No. 113 in 03–4079) to revoke Delgado's TSR in the First Case. A first supplemental and substituted petition (Doc. No. 118 in 03–4079) was then filed on November 21, 2013. Delgado was arrested and made an initial appearance in both cases on November 19. At that time, the Government announced that it sought to have Delgado detained pending her revocation hearing in the First Case and detained pending trial in the Second Case.

On November 21, 2013, I conducted a detention hearing for both cases (along with a preliminary examination on the petition to revoke TSR). With regard to the First Case, I found that Delgado should be detained pending further proceedings pursuant to Federal Rule of Criminal Procedure 32.1(a)(6). As such, she is in custody awaiting a revocation hearing in that case. With regard to the Second Case, I must consider (a) whether the Government has the right to seek pretrial detention and, if so, (b) whether the Government has met its burden of establishing that pretrial detention is appropriate.

## ANALYSIS

### I. Applicable Standards

A request to detain a defendant pending trial triggers a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir.1988). As a threshold matter, the Government must show by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Pretrial detention is not authorized unless at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A–E). The last two circumstances involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A, B).

 If the Government makes this threshold showing, then I must determine, pursuant to Section 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appear-

ance at trial and the safety of the community. *Id.* The Government has the burden of (a) showing by clear and convincing evidence that no condition or combination of conditions imposed on the defendant would reasonably assure the safety of the community if he or she were released *or* (b) showing by a preponderance of the evidence that no condition or combination of conditions imposed on defendant would reasonably assure the defendant's appearance if he or she were released. A defendant may be detained on the basis of a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir.1992) (per curiam); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (per curiam).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, I must consider the factors outlined in 18 U.S.C. § 3142(g), including (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. I must then determine whether any of the conditions under 18 U.S.C. § 3142(c) can reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985) (en banc).

### II. Discussion

#### A. Does The Government Have The Right To Seek Detention?

As noted above, the Government cannot seek pretrial detention in any case unless

the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or the defendant presents certain risk factors, as identified in Section 3142(f)(2). Here, Delgado is charged with making false statements in violation of 18 U.S.C. § 1001. That offense is not specifically listed in Section 3142(f)(1). However, Section 3142(f)(1)(D) authorizes the Government to seek detention with regard to "any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph," or their state or local equivalents. 18 U.S.C. § 3142(f)(1)(D). A violation of 18 U.S.C. § 1001 is a felony for purposes of Section 3142, as it is punishable by a maximum term of imprisonment of more than one year. See 18 U.S.C. § 3156(a)(3) (defining "felony"); 18 U.S.C. § 1001 (authorizing term of imprisonment of not more than five years).

Because Delgado is charged with a felony in the Second Case, the Government may seek pretrial detention if she has two or more prior convictions that fall within the scope of subparagraphs (A), (B) or (C) of Section 3142(f)(1). See 18 U.S.C. § 3142(f)(1)(D). Subparagraph (A) refers to "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A). Subparagraph (B) refers to "an offense for which the maximum sentence is life imprisonment or death." 18 U.S.C. § 3142(f)(1)(B). Subsection (C) refers to "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 3142(f)(1)(C).

■ I find that both of Delgado's convictions in the First Case fall within one or more of these subparagraphs. In Count 1, she was convicted of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B), 841(b)(1)(C), 846 and 860(a). See Doc. No. 99 in the First Case (Judgment). The maximum sentence for Count 1 was life and the mandatory minimum sentence was ten years. See 21 U.S.C. §§ 841(b)(1)(A)(viii), 860(a); see also Doc. No. 102 in the First Case (Presentence Investigation Report). Count 1 falls within subparagraphs (B) and (C) of Section 3142(f)(1).

■ In Count 2, Delgado was convicted of violating 18 U.S.C. § 924(c)(1)(A) by possessing a firearm during a drug trafficking crime. See Doc. No. 99 in the First Case (Judgment). This offense falls within subparagraph (A) if it is a "crime of violence." That term is defined in the Bail Reform Act as follows:

(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 109A, 110, or 117;

18 U.S.C. § 3156(a)(4). Applying a virtually-identical definition, the Eighth Circuit Court of Appeals has that a state court conviction for possession of a firearm in furtherance of a drug trafficking crime was a "crime of violence." *United States v. Watson*, 650 F.3d 1084, 1092–93 (8th Cir.2011) (applying U.S.S.G. § 4A1.1(e)). And, in fact, the offense appears to fall within subparagraph (B) of the "crime of

violence" definition set forth in Section 3156(a)(4). As such, I find that Count 2 of the First Case constitutes an offense described in Section 3142(f)(1)(A).

Because Delgado has been convicted of at least two offenses that fall within the scope of subparagraphs (A), (B) or (C) of Section 3142(f)(1), the Government is entitled to seek pretrial detention in this case. *See* 18 U.S.C. § 3142(f)(1)(D). I must now consider whether the Government has made either of the alternative showings necessary to justify that detention.

### B. Is Pretrial Detention Warranted?

■ This question requires application of the Section 3142(g) factors to the evidence in the record. With regard to the nature of the offense charged (making false statements), there is no doubt that it would not typically support pretrial detention. All other factors, however, weigh heavily in the Government's favor.

The record made during the detention hearing shows that the weight of the evidence against Delgado at this stage of the case is strong. The Government presented uncontested evidence suggesting that Delgado made numerous false statements about herself and a fugitive, on multiple occasions, in an effort to conceal the fugitive and prevent his apprehension. As of the date of the detention hearing, the fugitive remained at large.

Moreover, Delgado's history and characteristics make her a very poor candidate for pretrial release. As noted above, she has prior convictions in this court for conspiring to distribute three types of controlled substances and for possessing a firearm in furtherance of a drug trafficking crime. Those are not her only convictions. According to the pretrial services

report, she has state court convictions for drug possession, forgery, writing bad checks and driving while intoxicated. She has used false identifying information in an effort to evade law enforcement (an offense similar to the current charge against her). She has also been cited for failure to appear.[1] Moreover, I find it highly relevant that Delgado's alleged acts in this case occurred while she was subject to supervision in the First Case.

During the detention hearing, Delgado admitted (through counsel) most of the alleged violations set forth in the Government's petition to revoke her TSR in the First Case. Since commencing her TSR earlier this year, Delgado has accumulated a series of mostly-admitted violations, including the use of controlled substances, association with a felon, failure to be honest with her probation officer and failures to report changes to her address and employment. Her TSR has already been modified on two occasions to add weekends in jail, community service and a referral for substance abuse evaluation and treatment.

Finally, I note that Delgado's residential and employment situations are not exactly stable. The rent for her current apartment is, or at least has been, paid by a relative of the above-referenced fugitive. She went through several jobs in recent months and is currently unemployed. While she has some family in the area, there is no indication that she is particularly close to any of them.

In short, and based on the record before me, I find that the Government has met its burden of proving that no condition or combination of conditions can reasonably assure Delgado's appearance at trial, or the safety of the community, if she were to

---

**1.** At the time of her sentencing in the First Case, Delgado was found to be in Criminal History Category III. See Doc. No. 97 in the First Case (Minutes).

be released in this case. I further find that Delgado would be unlikely to comply with any conditions of release that could be imposed.

## CONCLUSION

For the reasons set forth herein, I hereby **grant** the Government's motion for pretrial detention, as follows:

1. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford defendant reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 18 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must:* (a) attach a copy of the release/detention order to the appeal and (b) promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, the defendant must request such relief from the court.

**IT IS SO ORDERED.**